IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND


Harvey Bassoff

     Plaintiff

v.

Treanor, Pope & Hughes, P.A., et al.,

     Defendants

Case No,: 1:14-cv-03753

---

## PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

This court cannot be distracted by the subject matter of the claims for relief at issue, and/or their acceptance by custom in the institutional history of the courts, from the relative simplicity and basic nature of the claims at issue.  The heritage from our judicial branch affords examples of its inventiveness and creativity in providing redress for the aggrieved. "There has been growing recognition by common law courts that the doctrines of fraud and/or misrepresentations and deceit which developed around transactions involving land and other tangible items of wealth are ill-suited to the sale of such tangibles as advice and securities and that, accordingly, the doctrines must be adapted to the merchandise at issue." **SEC v. Capital Gains Research Bureau** 375 U.S. 180 (1963). In that case an investment advisors failure to disclose material facts for a transaction was deemed to be fraud and deceit. Thus the character of the fraud complained of invited a remedy adequate to effectuate justice.  There is nothing

particularly inventive about these claims, other than perhaps, viewing these claims that have been customarily viewed through a different lens.

The "Who, What, When, Where, and How" facts of the claim being stated have been adequately particularized in a non-conclusory way to satisfy Rule 12(b) (6). The complaints allegations suffice to "raise a reasonable expectation that discovery will reveal evidence". Satisfying the materiality argument. **Bell Atlantic v. Twombly**, 550 US544, and to allow the court to draw the reasonable inference that the defendant is liable. Ashcroft v. Iqbal 556 US 662(2009). See Matrix Industries Inc., v. Siracusano 563 US ___(2011). At this stage the court must accept all well pleaded factual allegations in the complaint as true. **Leatherman vs. Tarrant Co. Narcotics Intelligence & Coordination Unit** 507 U.S. 163. The Plaintiffs have clearly stated a claim and have met the federal threshold for a complaint regardless of whether the claim might ultimately prevail. **Scheuer v. Rhodes** 416 U.S. 232(1974), **Skinner v. Switzer** 562 U.S.___(2011), and **Matrix Industries Inc. v. Siracusano** 563 U.S.___(2011). For this court to dismiss the Plaintiff's Complaint this court will be acting as a jury and actually trying this case when this court does not have the authority to deny Plaintiff his constitutional right to a trial by Jury.

Rule 12(b)(6) permitting dismissal for failure to state claim does not countenance dismissal based on judge's disbelief of complaint's factual allegations. **Neitzke v. Williams** 490 U.S. 319 (1989). The Plaintiffs plead a clear and convincing cause of action for a novel yet simple case for breach of contract through fraudulent misrepresentation, outlining adequate facts to detail the fraudulent scheme.

Respecting the Rule 8(a) standards for a relatively "short and plain statement of the claim", Plaintiff's (pro-se) complaint complies with Rule 8.  The Federal rules reject the approach that pleading is a game of skill in which one must step by counsel (or Pro Se) may determine the outcome. **US. v. Houghman** 364 U.S. 310 (1960). While Plaintiffs' writing may be tedious or even prolix in a few places, it need not be an artful model of clarity. **Erickson v. Pardus** 551 U.S. 89 (2007).  Plaintiff have attempted to hire over twenty different law firms to represent him but each time was refused so the Plaintiff had no other choice but to study and best that he could and represent himself against these trained professionals and tried to meet the  standards for federal pleadings that merely require that they provide fair notice of their claim.  See Erickson, *supra.*

Plaintiffs have sincerely attempted to satisfy all these rules.  The right to file an action, however, is the most fundamental right because it is preservative of all other rights. **McCarthy v. Madigan**, 503 US 140 (1992); see also **Yick Wo v. Hopkins,** 118 US 356 (1886).  And where fundamental rights are secured by the Constitution, no rule making can abrogate them. **Miranda v. Arizona,** 384 U.S. 436 (1966).  In other words, this Court must assure that the Plaintiffs' due process rights are preserved.

Plaintiff has complied with the proper identification in Section III (Parties) and has identified §§1692 a(6), a(3) and a(5) in paragraph 9 -18 of Plaintiff's Complaint.

Congress enacted the FDCPA Title 15 USC § 1692 to protect consumers from the use of abusive, deceptive, and unfair debt collecting practices and stated **"Existing laws and procedures for redressing these injuries are inadequate to protect consumes."** The defendants are presenting case laws and using warped interpretations of the "Existing laws" to manipulate this court into improperly ruling by dismissing this pro-se litigation.

This court should rule on substance of the case and not proper form as taught in law schools today. The FDCPA was enacted to protect consumers from abusive, deceptive, and unfair debt collection practices. Congress acknowledged that existing laws have not allowed the adequate protection of the consumer and therefore Title 15 U.S.C. FDCPA was enacted to protect the consumer from these acts, which are being evidenced by the filings of the DEFENDANTS in this complaint.

Any attorney law firm that makes money or pays their employees with money through representing clients, (See H.R. 10191) in the collection of any alleged debt or actually debt and violates the FDCPA is a debt collector and subject under section §1692a(6)(F)(iii). **Kimber v. Federal Fin. Corp.**, 668 F. Supp. 1480, 1485 (M.D. Ala. 1987; **LeBlanc vs. Unifund CCR Partners.** 1201-1202 (11th Cir. 2010).

The twisting of the facts by Treanor, Pope & Hughes, P.A. et. al., as written by Douglas B. Riley. Attorney knows or should have known that the case referenced on page 12 of his Motion to Dismiss is intentionally misquoted for the sole purpose of denying Plaintiff his rights to a trial by jury. These unscrupulous attorneys are attempting to lead this court into thinking that by filing of any legal action or pleading without verification but attorneys have the right to file anything without substantiating the truthfulness of such action and would be in direct conflict with congressional intent and the attorney's Rules of Professional conduct. Any attorney just can't file any legal pleading and use the excuse that it is the attorney's function which was completely destroyed by the Supreme Court in **Heinz vs. Jenkins,** (1995) and Title 15 U.S.C. §§1692e(3) (10) when a filing attorney must first determine whether the statements are false, deceptive or misleading communications with the opposition party thus making the hired gun liable under the

4

FDCPA himself. In the mentioned Donatelli case the court did not rule on that case at all for the case was dismissed but yet these unscrupulous shyster attorneys intentionally distort the fact of the case in order to help influence this court's decision. The Donatelli Court never ruled that filing legal action without reviewing the files is not a violation of the FDCPA and claim under §1692e".

That is a gross misrepresentation of fact and once again proves their deceptive and deceitful mode of operation thus making these attorney's liable themselves. terpretation of the actual case which proves these attorneys liable themselves. Mr. Ostrowski, the attorney representing Mr. Donatelli in this particular case was ruled incompetent for missing two filing deadlines after a stern warning from the judge. Mr. Ostrowski's bar card was shortly thereafter taken for using clients' money to purchase illegal drugs and was confined to medical care for several months and had his bar card taken and cannot practice law. This case would not be cited by any credible attorney if one even exists.

These law twisting unscrupulous so called attorneys once again twisted the **Harvey** case 453, F. 3d. at 218 for the Plaintiff did deny owing any debt to any of these debt collectors or anyone else and charged the defendants with violations of Title 15 U.S.C. §§1692 e(2)(A) [§807(2)(A) and with 1692f(1)[§808 (1)] and charged the Defendants with specific unfair and unconscionable conduct which is oppressive, harassing, deceptive, deceitful, misleading representations, unethical, unfair, abusive behavior(1692e) (1692f) (1692d)1692j). The allegations contained in the Plaintiff's FDCPA specifically mention each section of the FDCPA.

Plaintiff objects to the child like statements made by these debt collecting sewer like bottom feeders. Plaintiff understand that to foreclosure upon a contract that contract must be produced and not violated in an way as pointed out in this response and Plaintiff does understand securitization and placing notes with the Depository Trust and multiplying them thirty to fifty times and selling them to different investors and then committing fraud upon the courts and Plaintiff by concealing that the notes have been destroyed pursuant to the terms of the pooling and servicing agreement and that obtaining or creating fraudulent notes is in violation of the REMIC laws and that is actionable to a vacation in federal prison.

This court should inquire into how anyone of these defendants can steal the property of Bassoff when GMO is ready to testify that they are the real owners of said notes, which are contingent notes and through a forensic professional trained expert will substantiate GMO's findings by using the Bloomberg terminals.

The attorneys now not only misrepresent or twist facts around for now they are misrepresenting court documents and or statements or conversations that never took place. Plaintiff has never stated any words like "That is what I needed to see" and additionally these unscrupulous attorneys are trying desperately trying to influence this court with statements that are contrary or a fabrication of these attorney's imaginations for Plaintiff has never stated anything toward or being able to be misconstrued to be any affirmative answer admitting any debt and being that the shyster attorneys are only referencing without production can only be interpreted as giving testimony which is against their Professional ethics and nothing more than hearsay evidence which is

valueless and actionable for a violation of their professional conduct because they know they have no case and a demonstrating the purpose of Title 15 U.S.C. §1692 et. al.

This case should not influence any court in this country but these attorneys care more about victories in their trophy cases than putting forward the truth is against congressional intent. Under §1692e(3) any law firms whether direct or indirectly collects debt or helps in the collection of debt or alleged debt does include attorneys whose practices are limited to purely legal matters are and are not exempt. **Shapiro and Meinhold v. Zartman,** Colo. 1992, 823, P.2d 120. **Sandlin v. Shapiro & Fishman,** M.D. Fla. 1996, 919 F.Supp. 1564.

Defendants failed to establish anything beyond their prima facie case. The burden of proof was on Wells Fargo Bank and their counsel to establish that first they are the true and "Real Party in Interest". But through the abusive, deceitful, and misrepresentations of the Defendants the burden was forced onto Bassoff for his inability to hire a legal professional attorney that would represent Bassoff the way Bassoff wanted his case represented. Bassoff heard numerous other people that were also seeking competent counsel only to be turned down. Several other people have informed Bassoff that collectively they sought over 100 attorneys to represent them in their case only to be turned down for fear of losing their bard card to practice law.

Thereby this complaint is lawfully able to be heard by this court for we see that it is Congress' intent to protect the consumer from the deceptive, abusive, debt collecting practice which has been at play in the history of this case as well as a multitude of others. "It is the purpose of this title to eliminate abusive debt collection practices by debt collectors......and to promote state action to protect consumers against debt collector

7

abuses." Congress Title15 § 802 §1692 (e) Titled "Congressional findings and declarations of purpose" Therefore "To allow a state court judge to IGNORE THE WRITTEN TEXT of a state law, and use it for any purpose other than that for which it was intended BY THE LEGISLATURE is an unconstitutional accumulation of power within the judicial branch. It amounts to judicial usurpation of legislative control. See *Mistretta v. United States*. 488 U.S. 361, (1989). And furthermore:

"Whenever one is assailed in his person or his property, there he may defend, for the liability and the rights are inseparable. This is a principle of natural justice, recognized as such by the common intelligence and conscience of all nations. A sentence of a court pronounced against a party without hearing him, or giving him an opportunity to be heard, is not a judicial determination of his rights, AND IS NOT ENTITLED TO RESPECT IN ANY OTHER TRIBUNAL."


Defendants again what to paint Plaintiff as lacking knowledge, having unsubstantiated claims, inconsistent, irrelevant, inflammatory, scandalous and even absurd claims. This is revealing to their lack of review of the files and hopeful pleading that this court will ignore the supported conclusions, and ignore the law and continue in the deceptive and abusive tactics that the Plaintiff's have suffered under from these defendants who lack any standing to claim there is a "incredibly remote chance to prove these allegations." Interestingly with the files of record, public record, evidence presented and further evidence ignored and to be revealed in discovery the fact remains the facial plausibility standard has been met.

In the Affidavit of Dennis P. McGlone dated 3/25 /2015 on page 2 and 3 Number 8 and 9, the affiant stated which was supported by all the named and yet unnamed defendants that Mr. Savage had brought to court and produced for Blastoff's inspection the original blue-ink promissory note signed by Bassoff.

Mr. McGlone knew of should have known that the cursory information presented to him by all of the collective defendants would not support proof at time of trial and acted as a debt collector. **Young v. Meyers & Njus P.A.** 1997 WL 45285 N.D. Ill. August 6, 1997.

The Defendants et al., has violated Title 15 U.S.C. §§1692e(10) (2)(A),(3), (4), (5), (8), (13) and §1692(f) by violating The Maryland Rules of Professional Ethics and specifically and not limited to the violated herein by violating Rule 3.1, for creating and using fraudulent and misrepresentations that pertain to Meritorious Claims and Contentions, 3.3 Condor Toward the Tribunal, 3.4 Fairness to opposing Party and Counsel 3.5 Impartiality and Decorum of the Tribunal and 3.7. Lawyer(s) as Witness, Rules 4.1 Truthfulness in Statements To Others and Rule 8.3 Reporting Professional Misconduct and 8.4 Misconduct

Bassoff was misled through the deceptive and misrepresentation of material fact by all defendants that they were in possession of the original promissory note and when a forensic audit was performed on behalf of Bassoff by James Kelly, a forensic auditor finally proved that the defendants had committed fraud upon Bassoff and this Court for the original blue wet ink signature was securitized and sold to GMO Funds, 40 Wharf Rd. Boston Ma. 02110, Contact Thomas Cooper proving the fraudulent behavior and/or misrepresentations of all named and yet unnamed debt collectors, just

9

like Bassoff has always stated and where these unscrupulous attorneys criminally ignored or concealed this material fact from Bassoff and the judiciary of Maryland in order to steal the property of Bassoff and with material fact in evidence this court has absolutely no authority to dismiss this complaint when Bassoff has proven at least one violation of the FDCPA as referenced in Plaintiff's Complaint at paragraph 17.

This court erred would be in error and would have violated Plaintiff's due process rights if this court were to rule that any of the defendants were not debt collectors when the Plaintiff's complaint adequately raised that the defendants were debt collector pursuant to the FDCPA and stated sufficiently enough to show that defendants were engaged in an act or omission prohibited by the FDCPA and that Wells Fargo Bank is a debt collector as pointed out in FDCPA §1692a(6)(F)(iii) and their own admissions **(Moses v. The Law Office of Harrison Ross Buck, 2009 WL,** 2411085 M.D. PA. August 4, 2009.

This court does not have any information in which to rule that the Bassoff complaint was frivolous and failed to state a claim upon relief can be granted and dismiss the Bassoff complaint when Wells Fargo Bank's own pleadings prove the accuracy of the Bassoff complaint that Fremont Mortgage and /or Wells Fargo Bank can prove compliance with Title 15 U.S.C. §1692e(2)(A) character, legal status and/or amount of any loan when the record is devoid of any such evidence.

Wells Fargo Bank based upon their own records supports the Plaintiff's allegation that Wells Fargo Bank securitized the contingent negotiable instrument through the Depository Trust Corporation and then violated the IRS trust laws when

10

Wells Fargo Bank claimed that they received the negotiable instrument back after sixty

days in default from GMO illegally making Wells Fargo a debt collector and should be

under investigation for security fraud violations.

JUDICIAL NOTICE

MERS Inc. on September 9th, 2012 recorded on October 1, 2012 as nominee for

Fremont Investment and Loan Its Successors and assigns at Box 2016, Flint MI, 48501,

1901 Vorhees St. Ste. C Danville, Ill. 61834 assigned Deed of Trust to Assignee U.S.

Bank N.A. as TRUSTEE FOR SG MORTGAGE TRUST 2006-FILE2, ASSET

BACKED CERTIFICATES, SERIES 2006-FRE2 at 60 Livingston Ave. St. Paul, MN.

55107 and recorded in Carroll County, MD. See the Wells Fargo Bank Foreclosure

Manuel that was submitted into the Ratification case showing how Wells Fargo Bank

instructs their attorney to violate the laws and how to create documents that will help

their foreclosure cases. This can be provided immediately upon request.

These attorneys all stated at one time or another and under oath that they are or

have shown Plaintiff the original blue ink note but never both notes and now having been

exposed as participates in a conspiratorial enterprise to steal Plaintiff's home and they all

claim that Plaintiff has failed to state a claim. The truth of the matter is that the

defendants never stated any defense for they have none when they would be trying to

conceal fraud when it has been exposed. This Court must dismiss the Defendants Motion

to Dismiss as a matter of law and enforce sanctions against these sewer level dwelling

conspirators.

Plaintiff is planning on instituting a complaint with the Securities Exchange Commission for tampering with trust certificates thus denying the true investors of their payments.

Wells Fargo Bank even admits in their own pleadings that the alleged Bassoff Promissory and Deed of Trust were in default for more than sixty days before removing the negotiable instrument illegally from the trust.

It is very obvious that this court misconstrued either by not reading Plaintiff's pleadings or by intentionally in a malicious intention of causing Plaintiff great financial detriment or the protection of the named defendants. **(Allen ex rel. Martin v. LaSalle Bank, N.A.** 2011 WL 94420 (3d Cir. Jan.12, 2011.

Under congressional intent under Title 15 U.S.C. §1692a(6)(f)(iii) anyone who obtains or purchases a loan in default for the purpose of collecting on that debt is a debt collector and liable as well as every individual employee of the debt collection law firm. **Wells v. Southwestern Bell Tel. Co.,** 626 F. Supp. 2d 1001 (W.D. Mo. 2009; **Sykes v. Mel Harris & Associates. LLC** 2010 WL 5395712 S.D. N.Y. Dec. 29, 2010. **Carter v. Countrywide Home Loans, INC.,** 2009 WL. 2742560 E.D. VA. Aug. 25, 2009. **Olson v. Cadle Co., 2006 WL 721505** (E.D. N.Y. Mar. 21 2006); **Carvana v. MFG Fin., Inc.,** 2008 WL 2468539 D. Utah June 17, 2008).

Plaintiff stated claims under Fair Debt Collection Practices Act (FDCPA) section proscribing conduct the natural consequence of which is to harass or oppress any person; debtors testified that debt collector's agent was intimidating and threatening in his phone conversations with debtors, debtor described threats of garnishment accompanied by demands for overnight sending of payments. and agent called debtor at work after debtor

12

had twice requested that he not be phoned at his place of employment. **Fox v. Citicorp Credit Services, Inc.,** C.A.9 (Ariz.) 1994, 15 F.3d 1507.

Truth is not a defense to a claim of deception. Literally true statements, partial truths, and ambiguous statements are deceptive if the statements are deceptive if the statement is subject to an interpretation or contains an implication with the capacity to deceive. Proof of detrimental reliance or actual damages is not required to establish liability for statutory damages. Most courts have indicated that the issues of control and scope of employment and/or involvement are for the jury to decide.[1] Defendants have admitted that there is no executed contractual relationship between the defendant law firms and defendant Wells Fargo Bank but under the circumstances Wells Fargo Bank is the respondeat superior dictating, managing, controlling ordering the Defendant law firms to pursue the violations of the FDCPA for they have always been protected by the judiciary.

For Wells Fargo Bank not to be a debt collector they would have had to purchase or obtain the contingent or debt 60 days before default or not have securitized the note at all which is not the case.

A loan servicer that acquired the debt before default was not a debt collector within the FDCPA, **Kelloers v. Ocwen Loan Servicing, L.L.C.** 2009 WL 2899813 D. Or Sept. 9, 2009.

Any attempt by these defendants to claim corporate immunity when there is not such type of immunity are liable under the FDCPA for no corporate officers or employee

---

1 Jacksonville State Bank v. Barnwell, 481 So. 2d 863 (Ala. 1985)

of a debt collection agency or law firm is protected under the FDCPA. **Kistner v. Law Offices of Michael P. Margelefsky L.L.C.** 518 F. 3d 433 (6ᵗʰ Cir. 2008).

This court's primary task is construing a statute is to give effect to the legislative underlying meaning of its enactment, to determine legislative purpose of intent, giving words and phrases their commonly accepted and understood meaning and where the statute, in that instance, is clear and unambiguous there is no need to resort to interpretative rules of stator construction; since it may be presumes that the legislature meant what it clearly said. **Heinz v. Jenkins,** 514 U.S. 291, 115 S.Ct. 1489, 131 LO. Ed. 2d 395 (1995) (effect must be given to the plain, meaning of the statute). Justice Breyer wrote the majority opinion for the court and simply stated that there are only six exemption that are specifically covered by the act and the filing of a law suit or legal pleading in an indirect or direct attempt at collecting an alleged or debt from another carries absolutely no exemption. **Frey v. Gangwish**, 970 F.2d 1516 (6ᵗʰ Cir. 1992) and supported by Heinz v. Jenkins, 514, U.S., 291, 115 S. Ct. 1489, 131.

The FDCPA is "an extraordinarily broad statute" and must be enforced "as Congress has written it.") Congressional intent was to protect the least sophisticated or susceptible consumers and according to Senate Document 382, the bill prohibits any harassing, unfair, or deceptive collection practice and any interpretation of legislative history or Congressional intent is to be undertaken cautiously; **Pipiles v. Credit Bureau, Inc.,** 886 F2d 22, 26-27 (2d Cir. 1989.

Post-enactment statement by legislators or judicial decision of judges does not have the same convincing weight as those made contemporaneously. Title 15 U.S.C. §1692 was written to protect the consumer and to institute change and strengthen the bill

itself through law suits because Congress recognized their inability to foresee every conceivable abusive debt collection method or new deceptive, harassing and abusive attempts to unjustly enrich themselves at the expense of the consumer.

Just study this case and it becomes very apparent that addition guidelines are needed to force debt collectors as well as judges to be in strict compliance with congressional intent. The system needs financial and legal penalties to prevent the continuous misapplication of the laws by the legal industry for their unjust enrichment.

Defendants, including Wells Fargo Bank has intentionally, maliciously with malice misrepresented material facts before this court that the Defendants have been financially damaged by the alleged default of the defendants. Under the Federal Rules of Civil Procedure the Plaintiff's complaint has to be accepted as truth and yet this court would be in error for trying to dismiss Plaintiff's complaint as frivolous without the defendants ever answering or denying any of the allegations alleged in the complaint. The concern of mine is for this court to dismiss the Plaintiff's Complaint this court would be acting as the jury and basically rule that the allegations are not plausible when in reality this court does not anything about this case.

The defendants have claimed that they are the real parties in interest and/or holders of the notes and yet never produced any genuine or original documents under the protection of this court or have ever stated that they are in possession of both original notes.

The reason that the Defendants have never produced any genuine or original copies is primarily due to the protection of this court when it is very common knowledge

15

today that the alleged notes do not even exist for they have been monetized, securitized and put into different trust accounts through the Depository Trust Corporation, 55 Water Street, New York, New York and sold a stock certificates thus destroying the negotiability of the notes which are nothing more than contingent notes in the first place.

Who has the original note(s), this fact is misleading and has been intentionally misrepresented to Plaintiff numerous times making this another violation of the FDCPA which is just another nail in support of this court dismissing the Defendant's Motion to Dismiss and afford the Plaintiff a trial by jury.

Did the Defendants violate Title 15 U.S.C. §1692d(3)[§806(3)] by listing Defendants home on the foreclosure list or shame list or even the "dead beat lists" or list the sale in newspapers or with real estate offices with hopes of enticing through fear and fraudulent deceptive and deceitful claims with hopes of embarrassment, abusive and oppressive activities. Any debt collection or debt collector in general may not publish, for the general public or a group of creditors, a list of alleged debtors simply to further its own collection activities that would extort payment of settlement from Plaintiffs. Title 15 U.S.C. §1692e(4) [§807(4)],

"The implication or representation that non-payment of any debt will result in the arrest, or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action. H.R. 10191, 95[th] Congress. First. Sess. §805(6). This provision is intended to protect the consumer from false threats or implications, **Weiss v. Collection Center, Inc.,** 667 N.W. 2d 567, 2003 N.D. 128 (2003).

Plaintiff's received numerous threatening and intimidating telephone calls and letters at his employment causing great financial and emotional distress and the downward slide of his business. The letters, phone calls all implied "that attorneys were involved and has reached a considered, professional judgment that the alleged debtor is delinquent and is a candidate for legal action." That was not the case. **Avila v. Rubin,** 84 F.3d 222, 229 (7th Cir. 1996);**Nielsen v. Dickerson,** 307 F.3d 623 (7th Cir. 2002).

The Notice of Hearing on Foreclosure of Deed of Trust and the Ratification was nothing more than threatening legal action and this specific conduct is a violation of Title 15 U.S.C. §1692e(5) [§807(5)] falsely stating that creditor had given debt collection agency authority to initiate legal proceedings.

Wells Fargo Bank did not supply Defendants with enough information or sufficient information about the account for the collection lawyers to reach an independent, professional judgment and liability and collectability of the account. **Avila and Nielsen.**

Plaintiffs being the least sophisticated consumers took the Notice of Hearing on Foreclosure of Deed of Trust as oppressive, false, or threatening **Tolentino v. Friedman,** N.D. Ill. 1993, 833 F. Supp. 697, affirmed 46 F. 3d 645, certiorari denied 115 S. Ct. 2613, 132 L.Ed.2d 856.

Maryland Real Estate companies walking on said property making their actions liable under the FDCPA and their advertising media were showing pictures of the Plaintiffs house and sending agents to take pictures of the Plaintiff's home in an deceptive method of trying to extort payment on a contingent unproven debt which caused great emotional distress and a general decline in Plaintiff's business through repeated calls to his office

threatening foreclosure and even eviction since the "NOTICE OF HEARING ON FORECLUSRE OF DEED OF TRUST," which violated Title 15 U.S.C. §1692e(2)(A),[(807(2)(A) without proving the character, amount or legal status of the alleged debt. **Jeter v. Credit Bureau, Inc.** 760 F.2d 1168 (11ᵗʰ Cir. 1985), **Morgan v. Credit Adjustment Board, Inc.,** 999 F.Supp. 803 (E.D. Va. 1998). The materially of the deception may be inferred, and showing detrimental reliance is unnecessary.

The Defendant's attorney made a real splash when Plaintiff mentioned Jefferson, Madison and other founding fathers name but at this time Plaintiff would like to produce the person who influenced that outburst based in frustration over the corruption in the America's Judicial System. The Yale Law Journal wrote a thesis on the corruption in the present judicial system. Some of the chapters are as follows, "Sample of Judges and Bribes", CORRUPT JUDGES AND COURTS", "FACT PATTERN OF CORRUPTION,1, CRIMENAL CASES, 2, CIVIL CASES, JUDICIAL EXTORTION and to add another interpretation to support this Plaintiff's view on page 1903 of this Journal in the chapter entitled, "CORRUPTION IN OUR COURTS" is a quote out of the book written by Chief Justice William H. Rehnquist, entitled "Sense and Nonsense About Judicial Ethics"

"If the experience demands a presumption that a judge will seize every opportunity presented to him in the courts of his official conduct to line his pockets, no canon of ethics or statute regarding disqualification can save our judicial system."

If this court and these unscrupulous attorneys have a problem with my views than I suggest that you take it up with the former Chief Justice of the United States Supreme Court and in furtherance this Plaintiff states that the American people are waking up to the fraud in the banking as well as the judicial system and the talk is ever increasing on

18

marching around debt collectors offices as well as judicial centers. The corruption will stop one way or the other.

Additional corruption is the fact that Attorney Riley who is really an employee of the Defendants' cannot legally represent their law firm for Mr. Riley is financially befitting from their illegal actions as stated earlier in this pleading. Congressional intent was to force these repeat offenders to hire outside legal counsel to increase their financial detriment to curtail their repeat violations of federal law and for the protection of the consumers. These attorneys are making a mockery out of Congressional intent because you corrupt judges as Chief Justice Rehnquist so eloquently stated are protecting and shielding your brotherhood and raging civil war against these least sophisticated consumers for your own increase in your own financial pockets.

The Defendant's attorneys has not reviewed the files as required un Title 15 U.S.C. §1692e(3). [§807(3)] has violated Title 15 U.S.C. §1692e(3) [§807(3)]; §1692e(4)[§807e(4)] and §1692)(10) [§807(10)] by attempting to collect on a debt that Defendant Law Firm and Defendant Wells Fargo Bank has not proved that any of the Defendants suffered any financial detriment2 for Wells Fargo Bank is not the real party in interest under any condition and the fact that Wells Fargo Bank ordered the original case to be withdrawn from court but ordered the list of Plaintiff's property on the bulletin listing the property for sale even though there was never any hearing in any non-judicial or judicial proceeding and just to list is an egregious violation and for this lower court

---

2 The defendants must explain the reasoning behind the mortgage insurance listed in the Deed of Trust for Wells Fargo Bank has already and fraudulently collected upon mortgage insurance thus destroying their claim. It is further stated and averred that one of these defendants has purchased the alleged debt and are now classified as the debt purchaser and through discovery it will be proven the amount of fraud is more than a little.

judge to claim the Plaintiff's complaint does not even hold water when it is the court's decision that are in violation of law and the due process rights of the Plainitff. **Gasser v. Allen County Claims & Adjustment, Inc. 1983 U.S. Dist. LEXIS 20361 (N.D. Ohio Nov. 2, 1983).**

Defendants have violated Title 15 U.S.C. §1692e(3) [§807(3)] when Defendant Law Firm under orders from Defendant Wells Fargo Bank never supplied Defendant law firm with any genuine or original documents to be in strict compliance with Title 15 U.S.C. §1692e(3), [§807(3)] and the terms and conditions of the Deed of Trust and by not having these documents the attorneys, lacked attorney involvement, and never reached a considered, professional judgment that the Plaintiff is delinquent but is a perfect candidate for legal action. **Avila v. Rubin, 84 F3d 222, 229, (7th Cir. 2002).**

Defendants have violated Title 15 U.S.C. §1692 [(§807(10)] by not complying with the terms and conditions of their own Deed of Trust that were broken by the Defendants are as follows, 1:The Deed of Trust describe the alleged creditor as Fremont and Defendants has failed to produce any legal assignment of chain of title to Wells Fargo Bank or has failed to prove any indirect or direct relationship with U.S. Bank and any of their bogus trust names  or any other alleged party, 2: paragraph (F) states, "Note" means the promissory note signed by the borrower and dated April 6, 2006," 3: Paragraph (H) " Loan" means the debt evidenced by the note plus interest, any payment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest, 4: (J) "Applicable Laws" means all controlling , federal, state and local statutes, etc…,5: (O) "Mortgage Insurance", means insurance protecting Lender against the non-payment of, or default on, the loan. And has concealed from Bassoff that his home was illegally

seised by these non-scrupulous attorneys and all named defendant. These terms and conditions of the contract make it very clear that copies are not acceptable and have breached their own fraudulent contract.

The Defendants violated Title 15 U.S.C. §1692e(3) [§807(3)] by the limited ministerial nature of the Defendants review of the files for the brevity of the review lays bare its cursory nature. **Boyd v. Wexler, 275 F.3d 642 (7th Cir. 2001); Sonmore v. Check Rite Recovery Services, 187 F. Supp.2d 1128, 1135 (D. Minn. 2001).**

These tools are being used by the establishment as a means of control to prevent the real issues from being litigated and heard by any jury in the United States. If the judges interpret any litigation as dangerous to their illegal procedures then the judge just invokes res judicata or the Rooker-Feldman Doctrine and simply dismisses the case with prejudice thus preventing those issues from ever seeing the light of day. Today our judicial system's primary function is not to protect the constitutional rights of anyone or to protect anyone's right to a trial by jury but to protect the illegal fatally flawed economic system. These courts will deny litigates their constitutional rights just in order to protect their fatally flawed system.

In a history book dated in 1861 printed right before the start of the American Civil War and in this book was printed the United States Constitution. In this book it listed a completely different thirteenth amendment than the current thirteenth amendment. According to review the original thirteenth amendment was never legally changed. The original thirteenth amendment actually forbad titles of nobility from ever holding elected or public office in the United States. And yet today, just about every member of the

state's houses of government or the federal houses of government are primarily

comprised of card carrying members of the legal industry, for they are referred to as

Esquires, which are title of nobilities. Another interesting fact concerning the legal

profession is that the House Select Committee on Un-American Activity actually listed

the American Bar Association as participating in Un-American activities. Today, the

American Bar Association is now a member of the United Nations, whose primary

interest is world government and the elimination of the individual rights of man and the

confiscation of property rights.

## RES JUDICATA

The appellate courts are uniform on finding that res-judicata is not applicable and should

not be used to bar a federal FDCPA case because of a prior state court collection

judgment. **Cousins v. Duanne St. Assoc.,** 2001, U.S. App. LEXIS 5645 (3rd. Cir. Apr. 2,

2001); **Whitaker v. Ameritech Corp.,** 129 F. 3d 952 (7th Cir. 1997), makes it clear that

principles of res judicata only applies to the same set of facts ruled upon in the lower

courts action, however the FDCPA suit would not be barred even if default judgment was

obtained for failure to respond; **Peterson v. United Accounts, Inc.,** 638, F.2d 1134 (8th

Cir. 1981) makes it clear that the FDCPA litigation is not a compulsory claim.

　　　**Zhang v. Haven-Scott Associates,** 1996 WL 35344 (E.D. Pa. June 21, 1996)

claims was not barred by res judicata by a confessed judgment on the underlying debt.

The FDCPA claim did not challenge the validity of the debt but rather attacked the

methods by which the defendants attempted to collect the debt.

　　　The district courts also are consistent that an FDCPA claim is distinct from a

claim for the debt and is not a compulsory counterclaim, with essentially no exceptions

22

because the merits and facts of each case are quite different3. The FDCPA claim and the filing of the FDCPA claim as a compulsory counterclaim, as advocated by debt collectors actually denies a person his or her day in court when it has been clearly established that there is a definite difference between two merits and facts in the case.

The debt collectors realize that judges will protect the banking industry and allow the debt collectors to win almost 100% of the time when the debt collectors have no admissible evidence to support their case. If the courts would ever force the production of the bank's accounting ledgers the ledgers would prove that the alleged borrower is really the lender and the bank is really the borrower.

The main purpose of the filing of the FDCPA suit is not to attack or open, strike or even amend the judgment but to attack the methods used by the debt collectors when they violate the FDCPA.

Debt collectors are not concerned with clean hands for their only concern is their unjust enrichment and they care not by what or what sewer level tactics they use to further advance their financial position.

The debt collectors will twist, turn and create improper legal theories in order to further advance their financial terrorism and war upon the American people. These new financial terrorist, judge included argue that there is no different sets of facts or merits between the cases for they argue that the two cases are "inextricably intertwined" and that the issues are inseparable. These bottom feeders even claim that the FDCPA should be considered a compulsory law suit and should be restricted from its separate filing.

---

3 In a state debt collection suit the debt collectors never argue the same sets of facts and merits in the FDCPA suit and the FDCPA should not be dismissed for the facts are not so "inextricably intertwined" that the two distinct cases should be heard simultaneously and should not interfere with the other. These foreclosure mill specialists are using these two weapons in methods never envisioned by Congress when writing and rewriting the numerous drafts of this legislation.

The compulsory argument is not supported by the greatest majority of courts in the country. It has been further decided that the FDCPA suit is not a compulsory should have been argued alongside of the claim for debt is also without merit and courts have decided that FDCPA claims is not a compulsory counterclaim in a debt collection claim. Courts generally will not stay a state court collection action pending a resolution of FDCPA claims. **Saunders v. Stigers**, 773, A.2d 971 (Conn. App. Ct. 2001); **Green tree Fin. Servicing Corp. v. Lewis**, 720, N.Y. S 2d 843 (App. Div. 2001).

If a consumer's FDCPA claims were dismissed without prejudice in the state court action, the state court judgment on the debt would have no collateral estoppel or res judicata effect of the subsequent FDCPA claims. **Jenkins v. Gen. Collection Co.,** 538, F. Supp. 2d 1165 (D. Neb. 2008); **Silva v. Mid. Mgmt. Corp.,** 277, F. Supp. 2d 460 (E.D. Pa. 2003).

Even if the consumer was required by law to file the FDCPA suit as a compulsory counterclaims, most courts have ruled contradicting that argument for federal courts may allow the filing of a separate FDCPA claim under the exceptions and distinction it makes to temper the harsh effects of res judicata, **Moore's Federal Practice** ¶ 405 (1999); **Kelly v. Wolpoff & Abramson, LLP**., 2007 WL 2381536 (D. Colo. Aug. 17, 2007).

In this cases based upon default judgments, courts have ruled that under default judgments no set of facts of merits were ever argued and courts should not bar an FDCPA action based upon res judicata . **Anderson v. Gamache & Myers, P.C.,** 2007 WL (E.D. Mo. May 31, 2007); Issue preclusion does not attach by virtue of a judgment taken by default. **Flores v. Quick Collect, Inc.** WL 433239 (D. Or. Jan. 31, 2007).

Defendants in this present case has and/or attempting to foreclose upon Plaintiff's property through their improper default judgment after advising Plaintiff not to respond to any ligation filings in his current cases. Thus violating the FDCPA §§1692d; 1692e; 1692f; 1692j; 1692k through the unauthorized practice of law.

To complicate the gravity of the violations already mentioned in this case the violations have been complicated further by trying to collect upon an alleged debt when Defendants knew or should have known that proper service was not accomplished. **Riley v. Giguiere**. 631, F. Supp. 2d 1925. To support the Plaintiff's thinking and interpretation on the applicability of the FDCPA in regard to Bankruptcy procedures it is now apparent that the filing of an FDCPA when the Plaintiff is in bankruptcy is permitted and is not barred by res judicata or Rooker-Feldman for it was decided in **Sparkman v. Zwicker & Associates, P.C.**, 374, F. Supp. 2d. 293 (E.D. N.Y. 2005). In Sparkman , judicial estoppel did not apply where the consumer listed as an asset in his chapter 7 bankruptcy a FDCPA claim of to $1,000.00, thus substantiating the harmonious nature of filing an FDCPA claim in bankruptcy.

Under congressional intent it is very clear and unmistakably obvious that the main purpose of the FDCPA was to stop all forms of illegal debt collection methods and congress explained that in Senate Document 82 to allow the consumer in order to strengthen the FDCPA in favor of the consumers the consumers must follow certain procedures established by Congress to increase their protection from these unscrupulous characters4. The number one change that should be used and argued in all future FDCPA suits is the enlargement of the one year statute of limitations to two or three years and an additional criminal statute   in order to stop these same unscrupulous characters from

---

4 These attorneys are not concerned with complying with the law in the fashion that it was written or

violating federal statues by the suspension of their bar card5 or the loss of their bar card (not a license to practice law) or heavy financial penalties or even incarceration to prevent their continuous violation of the law. In **Schuh v. Druckman & Sinel, L.L.P.,** 602, F.Supp. 2d 454 (S.D. N.Y. 2009); (FDCPA, claim that a payout figure, given two years after a foreclosure judgment, was inflated and violated §§1692f(1), 1692e(2)(A), 1692 e(10), 1692e(3), 1692e(4), 1692 e(5), 1692e(8), 1692 e(13) and 1692d and was not barred by N.Y. res judicata. The consumers must change the inadequacies of the FDCPA according to Congressional intent by filing a tsunami of FDCPA law suits and stride toward judicial review6 as Thomas Jefferson wanted.

WHEREFORE, Defendant hereby quotes a United States Supreme Court case that actually parallels the Plaintiff's current thinking, "Considering that which Defendant has set forth above, and in other of Defendant's filings (pleadings) with the Court, if the Court is of the mind to ignore all of Defendant's defenses, this Court will reveal its complicity in eliminating the Defendant's last avenues for peaceful redress, leaving only to force as the resolution for Defendant's defense against wrongful and clearly unlawful foreclosure, as such force was referenced by the United States Supreme Court in **Chambers v. Baltimore & Ohio R.R.,** 207 U.S. 142, 148 (1907)

---

5 The bar card is not a licensed to practice law for the states do not issue any license to practice law. This is just another blatant example of the American Bar Association implementing censorship over the American people. An attorney will never represent any consumer when the defense will center upon lack of consideration without fear of the suspension of their bar card.

6 Upon a judicial review hearing these corrupt judges will forfeit all of their illegally obtained assets and serve time in prison for their crimes (traitorous) are incomprehensible and are damaging and even threatening the very existence and survival of our great country. The Federal Reserve Banking System has done more damage and devastation to our country than all the foreign enemies of the last century including Hitler, Stalin and Mao.

Relief Requested: That this higher court finally protect the Plaintiff's due process rights and remand this case back to the lower court with specific instruction for a proper adjudication and render a honest decision that is in compliance with all applicable law and force the defendants to answer and prove their case when they have done no more than hid behind the lower courts apron with hopes that the defendants will not have to answer the complaint because everybody knows that they can't. Does this Court call this justice, liberty and freedom for all. I guess that is determined by what side of the fence one is on and who apron one is hiding under. This defendant has been obtaining a lot of information which is quite shocking to say the least, but, I am committed to work towards exposing the areas that need exposed and repaired while working to once again make this country the greatest in the history of the world by passing the true torch to a new generation of Americans who are determined to make our country the beacon of freedom once again, I think that this court owes the people at least that much, don't you?

SIGNATURE

Harvey Bassoff

CERTIFICATE OF SERVICE

I CERTIFY THAT ON JUNE___8___. 2015 I SERVED A COMPLETE COPY OF THIS PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS ON THE PARTY LISTED BDELOW:

Attorney Douglas B. Riley, in representation of Defendants et al.

C/O Treanor, Pope & Hughes, P.A. 500 York Road Towson, Maryland 21204

Harvey Bassoff