IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HARVEY BASSOFF, | * | |
| Plaintiff | * | Case No.: 1:14-cv-03753-RDB |
| v. | * | |
| TREANOR, POPE & HUGHES, P.A., et al., | * | |
| Defendants | * | |

**LINE TO ADVISE COURT THAT DEFENDANTS WILL
RELY ON PREVIOUSLY-FILED MEMORANDUM**

Defendants Treanor, Pope & Hughes, P.A., Dennis P. McGlone, Wells Fargo Bank, N.A., and John S. Burson, William M. Savage, Gregory N. Britto, Jason Murphy, Kristine D. Brown, and Eric W. Yoder, Substitute Trustees, by their undersigned attorneys, file this Line to advise the Court that they will not submit a separate reply memorandum, but will rely entirely upon their previously-filed Memorandum in Support of Motion to Dismiss [Docket No. 7].

Although Plaintiff Harvey Bassoff ("Bassoff") filed a 27-page Objection to Defendants' Motion to Dismiss Complaint ("Objection"), it is, like his Complaint, full of bluster and venom, but without any substantive claims or contentions. He refers to "unscrupulous attorneys" and "corrupt judges and courts," which he calls "bottom feeders." Objection, pp. 4, 5, 18, 19, 22, 23. He addresses titles of nobility and the American Bar Association's membership in the United Nations, and mentions the House Select Committee on Un-American Activities. Objection, p. 22. He even states that, if the Court has a problem with his views, "you take it up with former Chief Justice [Rehnquist]."

Objection, p. 18. Considering Rehnquist's death a decade ago, this may prove difficult. Revealingly, he reports that he "attempted to hire over twenty different law firms to represent him [in this matter], but each time was refused …" Objection, p. 3. But nowhere in Bassoff's Objection does he address any of the substantive grounds for dismissal raised in Defendants' Motion to Dismiss and supporting Memorandum. Admittedly, he argues that his RESPA claim is not barred by *res judicata*, but he fails to address Defendants' contention that it was filed well-beyond the one-year statute of limitations.

Accordingly, Defendants elect not to file a reply memorandum, but to rely entirely upon their previously-filed Memorandum in Support of Motion to Dismiss Complaint. As explained more fully therein, the Complaint fails to state a claim against any of the nine Defendants, five of whom are not even mentioned in the substantive allegations (i.e., John S. Burson, William M. Savage, Gregory N. Britto, Jason Murphy, and Eric W. Yoder). Of the remaining four Defendants, no allegations against Kristine D. Brown are found in Count I. With regard to McGlone and his law firm, there are no credible allegations that, in defending Bassoff's Counter Complaint, they were somehow engaged in collecting, or attempting to collect, a debt from Bassoff. Moreover, there are no substantive allegations in the Complaint of harassment, or oppressive or abusive conduct, or the use of false, deceptive, or misleading representations in connection with the collection of a debt.

In addition, all of Bassoff's alleged FDCPA claims accrued on April 28, 2009, the date on which the Foreclosure Case was filed. His Complaint, however, was not filed until almost six years later, well beyond the one-year statute of limitations.

Finally, Maryland Rules 14-209 and 14-211 preclude this collateral attack on the Foreclosure Case, and bankruptcy estoppel precludes him from taking a position here at odds with the schedules he filed in the Bankruptcy Court.

For these previously-asserted reasons, the Complaint fails to state a claim on which relief can be granted and should be dismissed with prejudice.

| | |
|---|---|
| Dated:  June 26, 2015 | s/ Douglas B. Riley<br>Douglas B. Riley, 01220<br>Treanor Pope & Hughes, P.A.<br>500 York Road<br>Towson, Maryland 21204<br>Phone: (443) 901-2369, Fax: (410) 494-1658<br>Email: dbriley@tph-law.com<br><br>*Attorneys for Defendants, Treanor, Pope & Hughes, P.A., Dennis P. McGlone, Esquire, Wells Fargo Bank, N.A., John S. Burson, William M. Savage, Gregory N. Britto, Jason Murphy, Kristine D. Brown, and Eric W. Yoder* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 26th day of June, 2015, copies of the foregoing Line were served electronically through the Court's CM/ECF transmission facilities, as authorized by Local Rule 102(c), on each party registered as a CM/ECF participant who has consented to electronically service and, if not a party registered as a CM/ECF participant, then mailed, first-class mail, postage prepaid, fully addressed as follows:

>Mr. Harvey Bassoff
>6209 Oklahoma Road
>Sykesville, Maryland 21784
>
>*Plaintiff*

>s/ Douglas B. Riley
>Douglas B. Riley