IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HARVEY BASSOFF,                          *

        Plaintiff,                       *

                v.                       *              Civil Action No. RDB-14-3753

TREANOR, POPE & HUGHES P.A.,             *
*et al.*
                                         *

        Defendants.

*     *     *     *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM OPINION

Plaintiff Harvey Bassoff ("Plaintiff" or "Bassoff") brings this *pro se* action against

Defendants Treanor, Pope & Hughes, P.A. ("TPH"), Dennis P. McGlone ("McGlone"),[1]

Wells Fargo Bank, N.A. ("Wells Fargo"), and John S. Burson ("Burson"), William M. Savage

("Savage"), Gregory N. Britto ("Britto"), Jason Murphy ("Murphy"), Kristine D. Brown

("Brown"),[2] and Eric W. Yoder ("Yoder") (collectively, "Substitute Trustees").[3] In a three-

count Complaint, Bassoff alleges violations of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and raises various state law claims. In addition, Bassoff

requests injunctive relief, as well as a declaratory judgment pursuant to the Declaratory

Judgment Act, 28 U.S.C. § 2201.[4]

---

[1] McGlone is identified by Bassoff as "employed under the supervision of" TPH. Compl. 4, ECF No. 1.

[2] Defendant Kristine D. Brown is not mentioned in Count One, although she is mentioned in Counts Two and Three.

[3] Plaintiff identifies Burson, Savage, Britto, Murphy, and Yoder solely on page five of the Complaint, naming them as Defendants. A review of the Three-Count Complaint reveals that Bassoff makes no allegations against these named individuals. They are not named in any of the three Counts. Bassoff fails to address this contention in his Objection to Motion to Dismiss. As there is no indication of any specific claims against these individuals, Bassoff's case is DISMISSED as to Burson, Savage, Britto, Murphy, and Yoder.

[4] Bassoff's request for declaratory judgment (ECF No. 1) will be DISMISSED WITH PREJUDICE as to all Defendants. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, a plaintiff must sufficiently plead three factors. *Clay v. Chase Bank USA, N.A.*, Civ. A. No. 08:10–2169–AW, 2011 WL 1066570, *5 (D.Md. 2011). First, "the complaint must allege an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Id.* Second, the presiding court "must possess an independent basis for jurisdiction over the parties." *Id.*

Currently pending is the Defendants' Motion to Dismiss (ECF No. 7). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014).

For the following reasons, the Defendants' Motion to Dismiss (ECF No. 7) is GRANTED.

## **BACKGROUND**

In a ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiff. *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Yet, a plaintiff's status as *pro se* does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)). As this Court has explained, even *pro se* litigants must "state their claims in an understandable and efficient manner." *Bell v. Bank of America, N.A.*, Civ. A. No. RDB–13–478, 2013 WL 6528966, *1 (D. Md. 2013).

---

Finally, the court "must decide whether to exercise its discretion to determine or dismiss the action." *Id.* Declaratory relief is prudent "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Tobar–Barrera v. Napolitano*, Civ. A. No. RDB–10–0176, 2010 WL 972557, *3 (D. Md. Mar.12, 2010) (citing *Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)). Even viewed in a light most favorable to the Plaintiff, Bassoff's request is indecipherable. First, it is unclear to this Court how a declaratory judgment could clarify the "legal relation in issue." Second, Bassoff fails to detail how a declaratory judgment would "afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding," as he simply requests declaratory relief without any supporting explanation.

Bassoff's Complaint does not provide a clear recitation of the relevant facts.[5] *See* Compl., ECF No. 1. However, it appears that this case arises out of a foreclosure dispute between Bassoff and several of the named Defendants. *Id.*[6]

On or about April 6, 2006, Bassoff executed a Deed of Trust and Promissory note ("Note") on his property located at 6209 Oklahoma Road, Sykesville, Maryland 21784 (the "Property") (*Id.* at 6). On April 28, 2009, a foreclosure action ("Foreclosure Case") was filed by the Substitute Trustees. Foreclosure Docket Nos. 1-26, ECF No. 7-2.[7] On July 22, 2009, Bassoff filed for Chapter 13 bankruptcy, staying the Foreclosure Case (Bankruptcy Docket, ECF No. 7-3).[8] Having been rescheduled once, the sale was again delayed when Bassoff filed a Counter Complaint seeking temporary and injunctive relief against it (Foreclosure Docket, at 27, 28). Defendants McGlone and TPH entered their appearances for the Substitute Trustees and moved to dismiss the Counter Complaint (*Id.* at 31-36). Subsequently, on April 4, 2014, Bassoff withdrew his Counter Complaint and the Substitute Trustees withdrew their Motion to Dismiss (*Id.* at 49). The same day, Bassoff filed another bankruptcy petition, staying the foreclosure (Bankruptcy Docket, ECF No 7-5).[9]

On December 8, 2014, the Property was sold, notwithstanding a Motion to Stay Sheriff Sale in the Foreclosure Case filed by Bassoff on November 26, 2014 (Foreclosure

---

[5] While claiming that the Foreclosure Action was fraudulent, Bassoff fails to recite relevant facts in his Complaint. *See* Compl. at 6, 7, 8, 9, 11, 13, 15, 18, 19, 20, 21, 22, 23, 24, 26, 27.

[6] In his Complaint, Bassoff references and relies on the Foreclosure Action and related documents, but he fails to attach them. In their Motion to Dismiss, Defendants attach these documents. Consequently, this Court will consider them in ruling on their Motion to Dismiss. *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

[7] The Foreclosure Action was filed in Circuit Court for Carroll County, Maryland.

[8] Bassoff filed for bankruptcy in United States Bankruptcy Court for the District of Maryland. *In Re Bassoff*, Case No. 09-23358 (Chapter 7).

[9] Bassoff filed again for bankruptcy in United States Bankruptcy Court for the District of Maryland. *In Re Bassoff*, Case No. 14-15379 (Chapter 7).

Docket, at 56, 60). Subsequently, Bassoff filed exceptions to that sale, which the Circuit Court for Carroll County denied on March 13, 2015 (*Id.* at 73-75). An order ratifying the sale was entered that same day (*Id.* at 75).

Bassoff filed the subject action in this Court on December 1, 2014.[10] Defendants subsequently filed a Motion to Dismiss (ECF No. 7) the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that Bassoff fails to state a claim for relief because: 1) the Complaint fails to include allegations against certain Defendants in some or all counts; 2) several named Defendants are not debt collectors as required under the FDCPA;[11] and 3) the Complaint violates Federal Rules of Civil Procedure 8(a). Defendants also argue that the Complaint is time-barred, and that Bassoff's state law claims are barred by estoppel.

## STANDARD OF REVIEW

### I.   Motion to Dismiss Under 12(b)(6)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests

---

[10] Originally the Complaint was filed without a filing fee. This Court granted an Order instructing Bassoff to pay the fee or file an *in forma pauperis* motion (ECF No. 2). While Bassoff timely paid the fee, this Court dismissed the case without prejudice on January 1, 2015 (ECF No. 3). Bassoff moved to re-open the case on January 8, 2015 and summonses were issued for all Defendants (ECF Nos. 4, 5, 6).
[11] This Court will not address the Defendants' contention that several of the named Defendants do not qualify as debt collectors under the FDCPA, and are therefore exempt from its reach, as Bassoff's Complaint will be dismissed on alternate grounds.

surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678.

First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010). Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679; *see also O'Neil v. Ponzi*, 394 F. App'x. 795, 796 (2d Cir. 2010).

In addition, a plaintiff fails to state a claim where the allegations on the face of the complaint show that an affirmative defense would bar recovery. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007), (citing Fed. R. Civ. P. 8(c)); *see Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (finding dismissal proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense.").

Generally, "matters outside of the pleadings are generally not considered in ruling on a Rule 12 motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). However, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiff[ ] do[es] not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (alterations in original)). In the Fourth Circuit, documents referenced and relied upon by a plaintiff may be considered without converting a motion to dismiss into a motion for summary judgment. *See Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

## **DISCUSSION**

Initially, this Complaint should be dismissed for violating Rule 8(2) of the Federal Rules of Civil Procedure. The numerous Fair Debt Collections Practices Act ("FDCPA") allegations are clear examples of a "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and Bassoff fails to make a "showing ... of entitlement to relief." *Id.* at 556 n.3. However, this Court recognizes that "pro se plaintiff[s] [are] general[ly] given more leeway than a party represented by counsel," *Bell v. Bank of America, N.A.*, Civ. A. No. RDB–13–478, 2013 WL 6528966, *1-2 (D. Md. 2013). Consequently, this Court will alternatively consider Bassoff's Complaint in its entirety.

As previously explained, a complaint must succinctly and clearly state a claim for which relief may be granted to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Moreover, under the elevated requirements of *Iqbal* and

*Twombly*, a plaintiff, even a *pro se* plaintiff, must state a claim that is plausible. *Iqbal*, 556 U.S. at 679. In addition, a claim must be supported by some facts sufficient to state a cognizable claim, and cannot be based on mere conclusory statements and allegations. *Iqbal*, 556 U.S. at 678.

Bassoff's unwieldy Complaint is not a short and plain statement for relief. Over its thirty-one pages, the Complaint fails to state a single claim for which relief may be granted. Bassoff supports his claims with conclusory allegations, irrelevant law and unrelated and inapplicable prose.[12] In those parts of his Complaint that cite portions of the FDCPA, Bassoff fails to include facts to substantiate his claims. The Complaint also contains numerous immaterial allegations which are of no bearing to his claims under the FDCPA.[13] Bassoff's claims thus fail to rise "above the speculative level" required to survive a motion to dismiss. *Twombly*, 550 U.S. at 547.

## I.   Fair Debt Collection Practices Act

---

[12] Over the Complaint's thirty one pages Bassoff argues that the "Bank of America dictates who will be in the state legislature" (Compl., at 8 n.1) that the "Pennsylvania Courts . . . now operate not in the name of justice but for unjust enrichment and protectors for the debt collecting law firms and their unjust enrichment and making the Court's non-judicial foreclosures in Pennsylvania unconstitutional and the courts are nothing more than indirect debt collectors," (*Id.* at 8-9 n.2). He also claims that a participating clerk in a "recent hearing . . . has stolen the properties of hundreds of people just in this one county . . ." (Compl., at 11 n. 6).

[13] For instance, Bassoff refers to the *Sheehy v. Mandeville*, 11 U.S. 208 (1812), decision in Count Two, and claims it "proves the very deceptive and criminal activities of today's debt collecting law firms who have gain [sic] control of the oligarchic Pennsylvania Courts . . . " Compl., at 8 n.2. Plaintiff further asserts that "Pa. R.C.P. §1147 is unconstitutional or the attorneys are involved in corruption at the highest level of the judiciary." Compl., at 12 n.7. *See also supra* note 12. On page 30 of the Complaint, Bassoff states that "McGlone, Brown, has MDrticiMDted [sic] in a conspiracy to commit fraud upon the Plaintiff as well as the Court for a little unjust enrichment for which Ashley should be sentenced to a year in federal prison . . ." Compl., at 30. This Court is unaware of who "Ashley" refers to, as the name appears nowhere else in the Complaint. Bassoff's unwieldy prose is not limited to his Complaint however. In his Objection to the Motion to Dismiss, Bassoff claims that a history book from 1861 lists "a completely different thirteenth amendment than the current . . . [which] was never legally changed. The original . . . forbad titles of nobility from ever holding elected or public office . . . yet today, just about every member of the state's houses of government or federal houses of government are . . . Esquires, which are title of nobilities." Pl's Objection, 21-22, ECF No. 13. Bassoff also claims that the United Nations' "primary interest is world government and the elimination of the individual rights of man and the confiscation of property rights." *Id.* at 22. Bassoff fails to cite his sources for these assertions or illustrate their relevance to his claims.

The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, safeguards consumers from abusive and deceptive debt collection practices by debt collectors. *Spencer v. Hendersen–Webb, Inc.*, 81 F. Supp. 2d 582, 590 (D. Md. 1999) (citing *United States v. Nat'l Fin. Servs. Inc.*, 98 F.3d 131, 135 (4th Cir. 1996)). To state a claim under the FDCPA, a plaintiff must allege that "'(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012) (internal alteration omitted) (citing *Dikun v. Streich*, 369 F. Supp. 2d 781, 784-85 (E.D. Va. 2005): *Johnson v. BAC Home Loans Servicing*, 867 F. Supp. 2d 766, 776 (E.D. N.C. Sept.29, 2011)), *aff'd sub nom Lembach v. Bierman*, 528 F. App'x 297 (4th Cir. 2013).

Bassoff's FDCPA claims are based on dozens of alleged violations. In Count One, Bassoff alleges the following five violations of the FDCPA: 1) Wells and TPH failed to examine possession of original promissory Note and original Deed of Trust, 15 U.S.C. §§ 1692e(2)(a), 1692e(3), 1692e(10);  2) Wells and TPH attempted to collect upon fraudulently obtained promissory Note and Deed of Trust based on improper affidavit, 15 U.S.C. §§ 1692, 1962d(1), 1692e(2)(A), 1692e(3), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(13), 1692f(1), 1692j; 3) Wells, McGlone, and TPH threatened foreclosure litigation based upon fraudulently obtained notes, 15 U.S.C. §§ 1692d(1), 1692e(2)(A), 1692e(3), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(13), 1692f(1); 4) Wells controlled actions of McGlone, 15 U.S.C. § 1692e(5); and 5) Wells, McGlone, and TPH used the same forms when filing mortgage foreclosure without attorney involvement, 15 U.S.C. §§  1692e(3), 1692e(10). In

Count Two the ten alleged FDCPA violations include: 1) Wells, Brown, McGlone, and TPH attempted foreclosure without original Note, 15 U.S.C. § 1692e; 2) Unnamed Defendant's collection activity without production and presentment or inspection of Note, 15 U.S.C. §§ 1692d(1), 1692e(2)(A), 1692e(3), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(13), 1692j, 1692f(1), 1692k(a); 3) Wells, McGlone, and TPH's deliberate, intentional, malicious and vindictive actions upon Bassoff by taking improper foreclosure action, 15 U.S.C. § 1692e(5); 4) Wells, McGlone, Brown, and TPH pursued Bassoff without proper evidence, 15 U.S.C. §§ 1692(g), 1692(d), 1692(e), 1692(f); 5) Wells and TPH failed to investigate files, 15 U.S.C. §§ 1692e(3), 1692e(13), 1692e(10); 6) Wells, McGlone, Brown, and TPH illegally concealed material facts, 15 U.S.C. §§ 1692e; 7) Wells, McGlone, Brown, and TPH attempted to foreclose, 15 U.S.C. § 1692e; 8) Wells, McGlone, Brown, and TPH filed illegal foreclosure litigation, 15 U.S.C. §§ 1692e(5), 1692e(1), 1692f(1); 9) Wells, McGlone, Brown, and TPH failed to produce original Note, 15 U.S.C. § 1692(e); 10) Wells, McGlone, Brown, and TPH filed an illegal non-judicial foreclosure, 15 U.S.C. § 1692e(5). In Count Three, Bassoff alleges eighteen violations of the FDCPA: 1) Unnamed defendants submitted improper affidavits in foreclosure action, 15 U.S.C. § 1692; 2) Defendants attempted to collect upon contingent Note, 15 U.S.C. § 1692e(3); 3) Wells, McGlone, Brown, and TPH did not properly review files and failed to ascertain character of debt, 15 U.S.C. § 1692e(3); 4) Wells and TPH attempted to collect on debt without legal right, 15 U.S.C. § 1692e(4); 5) Wells, McGlone, Brown and TPH failed to prove character, amount and status of debt, 15 U.S.C. § 1692(2)(A); 6) Wells, McGlone, Brown and TPH filed state court action with intent to harass, abuse and to use oppressive techniques, 15 U.S.C. § 1692e(5); 7) Wells, McGlone,

9

Brown, and TPH took action which cannot legally be taken, 15 U.S.C. § 1692e(5); 8) Defendants informed Plaintiff orally and/or in writing that he violated entire validity of debt, 15 U.S.C. §   1692e(2)(A); 9) Defendants attempted to collect on disputed debt fraudulently created, 15 U.S.C. § 692e(2)(A); 10) Defendants verified files based on computer print-out which failed to provide sufficient information to prove debt at trial, 15 U.S.C. §§  1692e(2)A); 1692e(3); 1692e(4); 1692f(1); 11) TPH assessed Bassoff as candidate for legal action without assessment that he was delinquent, 15 U.S.C. § 1692e(3); 12) Wells, McGlone, Brown, and TPH acted unfairly or unconscionably, 15 U.S.C. § 1692f(1); 13) Defendant misrepresented to Bassoff evidence, 15 U.S.C. §§ 1692e(3), 1692e(10); 14) Defendants limited ministerial review of files, 15 U.S.C. § 1692e(3); 15) Defendants engaged in oppressive, harassing, and abusive prosecution by unjust threat of force of authority, use of false deceptive or misleading representation and unconscionable means to collect a disputed and unproven debt, 15 U.S.C. §§ 1692d; 1692e; 1692f; 16) Wells, McGlone, Brown, and TPH filed complaint based on false and misleading information, 15 U.S.C. § 1692f(1); 17) Wells, McGlone, Brown, and TPH filed complaint, 15 U.S.C. §§ 1692e(5), 1692(3), 1692e(2)(A), 1692e(3), 1692e(4), 1692e(10), 1692(13), 1692f(1); and 18) Wells, McGlone, Brown, and TPH filed complaint based on false information, 15 U.S.C. § 1692f(1).

In summary, they are based on the following grounds: 1) Bassoff's denial of Defendants' right to enforce Note; 2) Defendants' false representations as to right of Note

holder against Bassoff; 3) the initiation and conduct of Defendants throughout the Foreclosure Action; and 4) use of false affidavits in the Foreclosure Action.[14]

## II.    FDCPA's Statute of Limitations

Defendants argue that Plaintiff's complaint is time-barred.  FDCPA claims must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k. The violations claimed here are connected with the right to enforce the Note, false representations as to the right of Note holder against Bassoff, the initiation and conduct of Defendants through the Foreclosure Action, and false affidavits in the Foreclosure Action.

The Defendants assert that the limitations period was tolled on April 28, 2009, when the Foreclosure case was initially filed by the Substitute Trustees. Wells Fargo's Affidavit Certifying Ownership of Debt Instrument was filed the same day. However, the United States Court of Appeals for the Fourth Circuit has previously rejected an automatic tolling of FDCPA actions for purposes of limitation solely based on notice of foreclosure. *Lembach v. Bierman*, 528 F. App'x 297, 302 (4th Cir. 2013). In *Lembach*, the Fourth Circuit applied the discovery rule to FDCPA actions, and held them to be timely "if filed within one year of the time that [Plaintiff] discovered (or could have discovered) the fraud." *Lembach*, 528 F. App'x at 302.

Here, Plaintiff's Complaint clearly establishes the merit of the Defendant's limitations defense. Bassoff has failed to allege dates in connection with many of his allegations against

---

[14] In affording the Complaint an extremely liberal reading, *Pardus*, 551 U.S. at 94, this Court can tease out two main assertions on which these FDCPA violations rely: 1) unless the original Note is presented, it cannot be collected or enforced; and 2) "the original documents have been securitized . . . thus destroying the negotiability of these [sic] negotiable instrument" Compl. at 12.

the Defendants contained in his Complaint.[15] The base FDCPA allegations are in connection with the Foreclosure Case which commenced on April 28, 2009. Bassoff has given no reason why the statute of limitations should begin tolling at a later date.[16]

Even taking Bassoff's *pro se* status into account and making all possible inferences in his favor, this Court cannot find any set of circumstances that would result in the limitations period being met. Nor does Bassoff allege in his Objection that he remained justifiably ignorant under the discovery rule after this date sufficient to satisfy the FDCPA's limitations period. Indeed, Bassoff largely ignores the Defendant's limitations argument.[17] As Bassoff fails to plead dates connected with his claims, this Court will treat April 28, 2009 as the date of accrual.[18] This is significantly outside of the FDCPA's one-year statute of limitations, as Bassoff filed his Complaint on December 1, 2014, more than five years after the Foreclosure Action was filed.[19] Consequently, Bassoff's time-barred Complaint is DISMISSED WITH PREJUDICE with regard to his FDCPA claims.

---

[15] While Bassoff does allege that Wells, McGlone, Brown and TPH violated 15 U.S.C. §1692 when they "filed the Complaint on May 28, 2014 based upon false and misleading information . . ." (Compl. at 26) he fails to detail what Complaint he refers to, nor can this Court tease out from his Complaint what false and misleading information it contained. Bassoff includes no such complaint in his submission to this Court. In reviewing the foreclosure docket submitted by Defendant, no such Complaint was submitted on that date. See ECF No 7-2. Furthermore, assuming this is in connection with the Foreclosure Case, the limitations period of FDCPA violations commence from the date of the first violation. Subsequent violations of the same type do not restart the period. *See infra* note 19. As previously discussed, the Foreclosure Case commenced on April 28, 2009.

[16] In his objection, Bassoff alleges a violation of the FDCPA when he was "misled through the deceptive and misrepresentation of material fact by all defendants that they were in possession of the original promissory note . . ." Pl.'s Objection at 9. In his Objection, Bassoff also claims he received numerous threatening and intimidating phone calls and letters at his work. *Id.* at 17. However, Bassoff fails to include any dates whatsoever in connection with these alleged violations. Consequently, his complaint is not within the FDCPA's limitations period.

[17] In his Objection, Bassoff argues that this Court should extend the FDCPA's "one year statute of limitations to two or three years." Pl's Objection at 25. While the FDCPA is silent on when the term of limitation accrues, *see Lembach,* 528 F. App'x at 302, it is not silent on the one-year term. *See* 15 U.S.C. § 1692k. Bassoff of course ignores that even this extension would not overcome the limitation period in his case, as he filed suit December 1, 2014, more than five years after the action accrued.

[18] In his Complaint, Bassoff identifies the Foreclosure Action as commencing on August 15, 2008. Compl. at 27. Regardless of the discrepancy, the same analysis applies.

[19] Nor would Bassoff succeed on a continuing violation theory. This Court has previously explained that "the limitations

## III.    Validity of Foreclosure Action

Even if Bassoff's Complaint was timely, to the extent that Bassoff's bases his FDCPA claims on his assertion that the Foreclosure Action was invalid, his action is barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine expressly bars federal district courts from reviewing state court decisions." *See* ERWIN CHEMERINSKY, FEDERAL JURISDICTION § 13.1 (5th ed. 2007). It provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. Degrandy*, 512 U.S. 997, 1005-1006 (1994). The doctrine bars "lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)).

As detailed above, the foreclosure proceedings of the Property indicate that Bassoff thoroughly challenged the process throughout. Regardless, the Property was sold, and that sale was ratified. Under *Rooker-Feldman*, this Court lacks the authority to address Bassoff's FDCPA allegations related to the propriety of that sale.

## IV.    State Law Claims

Defendants assert that Bassoff's state law claims are barred by res judicata, as they were required to be raised in the Foreclosure Case. In Maryland, it is clear that if a person

---

period for FDCPA claims commences 'from the date of the first violation, and subsequent violations of the same type do not restart the limitations period.'" *McGhee v. JP Morgan Chase Bank*, N.A., No. DKC–12–3072, 2013 WL 4495797, *7 n. 10 (D. Md. 2013) (quoting *Fontell v. Hassett*, 870 F. Supp. 2d 395, 404 (D. Md. 2012)). Bassoff has not alleged any subsequent violations other than those already claimed in the Foreclosure Case.

wants to object to a foreclosure, he must do so in the context of the foreclosure proceedings instituted against him. *See, e.g.*, *Jones v. Rosenberg*, 178 Md. App. 54, 940 A.2d 1109 (2008); *Greenbriar Condominium v. Brooks*, 387 Md. 683, 878 A.2d 528, 566 (2005). As the dozens of Plaintiff's state law claims are based on the Defendant's conduct in connection with the Foreclosure Case, these claims must fail. In disputing the validity of the Foreclosure Action itself, Bassoff is limited to a post-sale exception to the ratification of the sale, or to the auditor's statement of account. *Jones v. Rosenberg*, 178 Md. App. 54 (2008).

However, the "effect of a final ratification effect of a final ratification of sale is res judicata as to the validity of such sale, except in the case of fraud or illegality." *Jones*, 940 A.2d at 1119. As previously discussed, Bassoff's claims are hard to comprehend, but he includes allegations of fraud. While difficult, it is conceivable that such claims could evade the doctrine of res judicata. *See Currie v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 788, 2013 WL 2295695, at *10 (D. Md. May 23, 2013) ("Under Maryland law, not all claims raised in a subsequent suit that arise out of the same transaction or series of transactions at issue in a prior suit are barred . . . Although Plaintiffs' claims mainly arise out of the same series of transactions underlying the foreclosure proceeding, it is, at a minimum, plausible that the relief that Plaintiffs request would not contradict or nullify any essential foundation of the foreclosure.").

Regardless, Bassoff's state law claims sounding in fraud fail. Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, a claim of fraud must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The circumstances include the "time, place and contents of the false representations, as well as the identity of the

person making the misrepresentation and what he obtained thereby." *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d. 769, 777 (4th Cir. 2013) (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)). As Bassoff utterly fails to plead particularized facts, such as the time, place, and contents of any false representations, his allegations concerning fraud fail to meet the particularity requirements of Rule 9(b). Consequently, Bassoff's state law claims will be DISMISSED WITH PREJUDICE.

## CONCLUSION

While Bassoff alleges violations of the FDCPA, his claims fail to rise "above the speculative level" required to survive a motion to dismiss. *Twombly*, 550 U.S. at 547. Furthermore, amendment would be futile as there are no facts that could defeat a motion to dismiss Plaintiff's time-barred claims. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1139 (4th Cir. 1993). For the reasons stated above, Defendant's Motion to Dismiss will be GRANTED and the Plaintiff's Complaint will be DISMISSED WITH PREJUDICE.

A separate Order follows.


Dated:        December 15, 2015

                                        ___/s/_____

                                        Richard D. Bennett
                                        United States District Judge